UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Muhammad Al-Mujahidin,<br><br>             Plaintiff,<br>vs.<br><br>Daniel Harouff, Daniel Bush, D. Arrowood, Cathy Jones, Michael McCall, in their individual capacity and SCDC, in its official capacity,<br><br>             Defendants. | Civil Action No.: 9:14-cv-1266-BHH<br><br>**Opinion and Order** |

This matter is before the Court upon the Report and Recommendation (ECF No. 66) ("Report") of Magistrate Judge Bristow Marchant recommending that the Court grant in part and deny in part the defendants' motion for summary judgment (ECF No. 51). For the reasons set forth below, the Court adopts in substantial part the recommendation of the Magistrate Judge. The Court will allow the plaintiff to proceed on one additional claim that the Magistrate Judge recommended be dismissed on summary judgement, but otherwise agrees with the Report.

**BACKGROUND**

The plaintiff, Muhammad Al-Mujahidin, f.k.a., John Hamilton, a state inmate proceeding *pro se* and *in forma pauperis*, brought this civil action pursuant to 42 U.S.C. § 1983. The plaintiff alleges violations of his constitutional rights arising out of confrontations with SCDC personnel on May 26, 2011, and June 20, 2011. The 46-page Report in this case thoroughly sets forth the relevant facts testimony, and, except as otherwise noted, the Court adopts the Magistrate Judge's presentation of these facts, which are summarized briefly below.

**May 26, 2011**

On May 26, 2011, there was a confrontation between the plaintiff and SCDC personnel after the plaintiff barricaded himself in his cell and refused to relinquish a homemade knife. SCDC personnel fired chemical munitions into the plaintiff's cell in an effort to get him to hand over the weapon and submit to their instructions. This was not initially successful as the plaintiff was covering his face with a towel. Defendants subsequently used a 37mm projectile gun to fire "Stinger Blackballs" and "Wood Baton Blackpowder" into the plaintiff's cell. The first round was unsuccessful in securing the plaintiff's submission because he was shielding himself with his mattress. A second round, however, was fired against the back wall of the cell and the projectiles ricocheted into the plaintiff causing injury to his head. The plaintiff relinquished his weapon, was secured by SCDC personnel, and received a medical evaluation and treatment for the injury to his head.

The parties agree that the plaintiff requested that he be allowed to take a shower to wash off the chemical munitions, but that this request was denied. The defendants have submitted evidence that the plaintiff was allowed to decontaminate with water in his cell, (*see, e.g.,* Harouff Aff., ECF No. 51-7 at ¶ 4), and have submitted medical records indicating that he was observed washing his face with water from his sink on May 26 (*see* ECF No. 51-34 at 2). The plaintiff denies that he was allowed to sufficiently decontaminate and offers testimony from several other inmates that he did not appear to have an opportunity to rinse the chemical munitions off of his skin and that he was complaining to the staff that his skin was burning. (*See* affidavits filed in

previously dismissed case 9:11-cv-02964 *Al-Mujahidin v. D. Harouff, et. al.*, ECF No. 70-1.)  The plaintiff also alleges that the water in his cell was turned off on May 26. The defendants concede that the water in the plaintiff's cell was turned off during the confrontation, but maintain that it was turned back on following the altercation, and that the plaintiff was allowed to use it decontaminate.  After the plaintiff was examined by medical personnel and his head was bandaged, he was placed in a restraint chair for 8 hours.  An SCDC nurse testified that she saw the plaintiff twice during the time he was restrained in the chair on May 26, and that he did not appear to be in any distress.

### June 20, 2011

The plaintiff was involved in another altercation with SCDC personnel on June 20, 2011.  While the plaintiff was showering, SCDC guards received information that something was being passed to the plaintiff from another cell.  When SCDC personnel responded, the plaintiff threw a liquid substance on them that appeared to contain feces.  Notably, the plaintiff admits that he threw a substance containing feces on the officers from the shower.  The plaintiff was further observed brandishing a squirt bottle that he initially refused to put down.  The defendants again responded with several bursts of chemical munitions.  The defendants maintain that they used chemical munitions only until the plaintiff complied with their instructions to put his hands through the slot in the door so that he could be handcuffed.

The plaintiff and another inmate (Mann) who allegedly observed the confrontation offer a different account.  They claim that after the first burst of chemical munitions was applied, the plaintiff complied with the defendants' instructions and put

3

his hands through the slot so that he could be restrained. Nevertheless, they maintain that Harouff continued to douse the plaintiff with chemical munitions at essentially point blank range, running back and forth from a supply room to secure more munitions to spray on the plaintiff. The plaintiff alleges that although he was in the shower at the time, the officers turned the water off and refused to let him shower off or otherwise decontaminate before placing him in the restraint chair for 8 hours.

The defendants submitted testimony that high security inmates, like the plaintiff, are only permitted to shower on specific, scheduled days and that inmates who have been sprayed with chemical munitions are allowed to rinse themselves off using water in their cells, but will not necessarily be given an opportunity for an additional shower. While the defendants have alleged that it is their practice to allow inmates to remove chemical munitions with water in their cells, the Magistrate does not cite and the Court has been unable to locate any direct testimony that the plaintiff was allowed to decontaminate in his cell or elsewhere after being sprayed with the chemical munitions on June 20, 2011. Moreover, the plaintiff has presented testimony in his own affidavit and that of another prisoner that he was immediately placed in the chair restraint and was not given a chance to rinse the munitions off in the shower or anywhere else. The plaintiff alleges that when he asked the guards to allow him to rinse off while in the restraint chair, he was initially lifted up toward the sink, but then the guards refused to let him rinse and laughed at him.

The defendants filed a motion for summary judgment on January 23, 2015. The Magistrate Judge issued his Report on March 23, 2015. Both the plaintiff and the

defendants filed objections to portions of the Report on April 6, 2015. (*See* respectively ECF Nos. 70 & 71.) The defendants also filed a reply to the plaintiff's objections on April 20, 2015.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982) ( "[*D*]*e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the

Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Summary Judgment

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56 (c)(1)(A). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir.1996). "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir.1987). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## **DISCUSSION**

The Magistrate Judge began by finding that the defendant SCDC was entitled to Eleventh Amendment immunity. The plaintiff did not raise a specific objection to this finding, and the Court agrees. Accordingly, summary judgment is granted to the defendant SCDC.

The Magistrate Judge divided the plaintiff's claims into five categories: (1) a claim for excessive force in connection with the plaintiff's extraction from his cell on May 26, 2011; (2) a claim for excessive force in connection with the plaintiff's extraction from the shower on June 20, 2011; (3) a claim for cruel and unusual punishment regarding the alleged denial of an opportunity to wash off chemical munitions, (4) a claim arising from the use of the restraint chair on May 26 and June 20, and (5) a claim for deliberate indifference to serious medical needs arising from both the May 26 and June 20 incidents. The Magistrate Judge recommends that the Court grant summary judgment on items 1, 3, 4, and 5 and deny summary judgment with regard to item 2. Both parties have objected to portions of the Magistrate Judge's report, and thus the Court has conducted a de novo review of the Report and the record.

1. <u>**Excessive Force Claim: May 26 Cell Extraction**</u>

While the plaintiff alleges generally that the Magistrate Judge has improperly discounted the plaintiff's evidence or failed to properly apply the summary judgment standard, he does not specifically address the Magistrate Judge's recommendation regarding the excessive force claim arising from the May 26 cell extraction. Nevertheless, the Court has conducted a thorough, *de novo* review of the Magistrate Judge's analysis and the record on this issue, and agrees with the Magistrate Judge that summary judgment is warranted on this claim.

2. <u>**Excessive Force Claim: June 20 Shower Extraction**</u>

The defendants object to the Magistrate Judge's recommendation that summary judgment be denied with regard to the plaintiff's claim for excessive force in connection with his extraction from the shower on June 20, 2011. The Magistrate Judge found, and the Court agrees, that the defendants were entitled to use chemical munitions to subdue the plaintiff after he hit them with a liquid that appeared to contain feces. The Magistrate Judge found, however, that there is a genuine issue of material fact regarding whether the defendants continued to use the munitions beyond the point at which the plaintiff had submitted to their instructions and been restrained and that this is sufficient to allow the plaintiff to reach a jury with a claim of excessive force.

The defendants contend that the Magistrate Judge failed to correctly apply the law because they claim that the record shows that the officers stopped spraying the plaintiff with chemical munitions once he complied with their instructions to put his hands through the flap so he could be cuffed. The defendants' reading of the record

would require the Court to discredit the testimony of the plaintiff and inmate witnesses and construe their statements in a light most favorable to the defendant, turning the summary judgment standard on its head.  A court may not grant summary judgment against an inmate simply because it finds the defendants' account more likely or credible.  See *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (holding that an inmate alleging excessive force was "entitled to have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, and all internal conflicts in it resolved favorably to him." (quotation marks and citation omitted).)  The Court agrees with the Magistrate Judge that there is a genuine issue of material fact regarding whether the defendants used excessive force in extracting the plaintiff from the shower on June 20, 2011.

The defendants' second objection asks the court to take judicial notice that the Use of Force Policy submitted by the plaintiff is not a current policy and should not be given any weight by the Court.  The objection is overruled.  The use of force policy submitted by the plaintiff is not material to the Court's analysis at this stage, but if the defendants wish to address the issue prior to trial, they may raise it in motions in limine.

### 3. Cruel and Unusual Punishment: Decontamination of Chemical Munitions

In considering whether to allow the plaintiff's Eighth Amendment claim to proceed to trial, the Court looks to the Fourth Circuit's recent ruling in *Mann v. Failey*, 578 Fed. Appx. 267, 274 (4th Cir. 2014)(unpublished), which involved Eighth Amendment claims arising in part from prison officials' refusal to allow a prisoner to

decontaminate after being sprayed with chemical munitions.[1]  In reversing the district Court's grant of summary judgment, the Fourth Circuit held that the district court erred in "rel[ying] on the *absence* of certain evidence, namely the fact that the official prison records do not contain any complaints of injury, or any evidence suggesting that Plaintiff lacked running water with which he could have decontaminated himself." *Mann*, 578 Fed. Appx. at 274 (quotation marks and citation omitted).  The Court found that the testimony of Mann and other inmates was sufficient to create a genuine issue of material fact and that the issue should have been presented to a jury.  *Id.* at 272.  The Fourth Circuit also observed that "a lack of injury is not dispositive, so long as there is sufficient evidence of maliciously-applied force."  *Id.*

The Court will allow the plaintiff to proceed on his decontamination claim arising from the May 26, 2011 and June 20, 2011 incidents.  There is, at the very least, contradictory evidence regarding whether the plaintiff was allowed to rinse off the chemical munitions with water in his cell.  The Report cites evidence in the medical records indicating that the plaintiff did not appear to be in distress when he was evaluated after being sprayed with the chemical munitions.  However, in light of *Mann*, the Court is hesitant to rely on the absence of evidence of pain or injury, particularly where the plaintiff has submitted testimony that conflicts with what is reflected in the medical records.

While the defendants offer testimony indicating that prisoners are permitted to decontaminate with water in their cells, the Court has not found specific testimony in either the report or the record indicating that the plaintiff was permitted to

---

[1] The *Mann* case was cited repeatedly by the Magistrate Judge, and he observed that the plaintiff in the *Mann* case appears to be a key witness for the plaintiff in this case.

decontaminate, in his cell or elsewhere, before being placed in the restraint chair for eight hours.  Even if there were such testimony, there would probably still be a genuine issue of material fact because the plaintiff has specifically alleged that he was not allowed to rinse off in his sink before being placed in the restraint chair and that the guards taunted him by moving him to the sink as if they were going to allow him to wash, but then refusing.

To be clear, the issue is not whether the defendants allowed the plaintiff to decontaminate in the shower, but whether they allowed him to decontaminate at all. Recognizing that chemical munitions are often used in volatile and dangerous situations involving high-risk inmates, the Court declines to dictate to prison officials the place or manner in which an inmate should be allowed to decontaminate.  However, where a prisoner presents evidence that he was sprayed with chemical munitions and then restrained for an extended period of time without *any* opportunity to decontaminate, summary judgment is not appropriate.[2]  *See Williams v. Benjamin*, 77 F.3d 756, 765 (4th Cir. 1996) (reversing summary judgment for the defendants and observing that "[a]lthough great deference should be afforded prison officials, it is difficult to conceive of a legitimate purpose for refusing to allow [a prisoner sprayed with mace] to wash and denying him medical attention, particularly when his confinement in restraints lasted for such an extended period of time.").  Accordingly, the Court will allow the plaintiff to proceed on his Eighth Amendment claim with regard

---

[2] The Court also notes that this is not a case where the defendants have argued that it was impossible or dangerous to allow the plaintiff to decontaminate before he placed in the restraint chair.

to the allegation that he was not allowed to decontaminate on May 26, 2011, and June 20, 2011.

### 4. Use of the Restraint Chair on May 26 and June 20

The Court agrees with the Magistrate Judge that the defendants are entitled to summary judgment on their use of the restraint chair. In light of the undisputed facts regarding the plaintiff's conduct, he cannot show that the defendants were unreasonable in restraining him for such a period of time following his extraction from his cell and from the shower. The plaintiff has not directed the Court to any error in the Magistrate Judge's analysis with regard to the use of the restraint chair, and accordingly the objection is overruled.

### 5. Deliberate Indifference to Serious Medical Needs

Finally, the Court agrees with the Magistrate Judge that the defendants are entitled to summary judgment on the plaintiff's claims regarding his medical treatment. The plaintiff's objections fail to direct the Court to any error in this portion of the Report. The Court does not understand the plaintiff to have advanced any claim against Nurse Cathy Jones aside from the medical indifference claims, and she is accordingly dismissed as a defendant in this case.

## CONCLUSION

After a thorough review of the Report, the record, and the applicable law, the Court overrules the defendants' objections and overrules the plaintiff's objections, except as set forth above. The Court adopts the Report with the exception of the portion relating to the plaintiff's claims regarding the defendants' alleged refusal to

allow him to decontaminate.  The defendants' motion for summary judgment is **GRANTED** with regard to the plaintiff's claim for excessive force in connection with the May 26 cell extraction, the plaintiff's claim regarding the use of the restraint chair, and the plaintiff's claim for deliberate indifference to serious medical needs, and **DENIED** with regard to the plaintiff's claim for excessive force in connection with the June 20 shower extraction and the Eighth Amendment claim arising from the defendants' alleged refusal to allow him to decontaminate.  The defendants Cathy Jones and "SCDC in its official capacity" are dismissed from this action.  The case remains pending against the defendants Daniel Harouff, Daniel Bush, D. Arrowood, and Michael McCall.

    **IT IS SO ORDERED.**

                                           /s/ Bruce Howe Hendricks
                                           United States District Judge

September 2, 2015
Greenville, South Carolina